COLÓN, APPELLANT, *v.* THE REGISTRAR OF ARECIBO, RESPONDENT.

APPEAL' from a Decision of the Registrar of Property Regarding the Admission to Record of a Deed of Sale With Curable Defects.

### No. 230.—Decided May 28, 1915.

RECORD OF TITLE—LEGALITY OF TITLE—CAPACITY OF PARTIES—DOCUMENTS ACCOMPANYING DEEDS.—Article 18 of the Mortgage Law provides that registrars shall determine under their responsibility the legality of the documents by virtue of which the record is requested and the capacity of the parties from what appears from the said documents. In the case at bar it was the duty of the registrar not only to examine the deed of bargain and sale which was presented for record but also the powers of attorney accompanying the deed.

ID.—PERSONAL CAPACITY—POWER OF ATTORNEY.—The personal capacity of a vendor who is represented by an attorney in fact need not appear in the deed presented to the registrar for record when it is shown in the power of attorney accompanying the deed, for the power of attorney is an integral part of the deed.

ID.—ID.—NOTARIAL LAW.—When a power of attorney states the personal qualifications of the vendor it is unnecessary to repeat them in the deed executed by the attorney in fact, for it is sufficient that the notary comply with section 16 of the Act regulating the practice of the notarial profession in Porto Rico, approved March 8, 1906, and article 2 of the General Instructions regulating the preparation of public instruments subject to record, by attesting the age, condition, profession and residence of the parties to the deed.

The facts are stated in the opinion.

*Mr. Eduardo Marín Marién* for the appellant.

Mr. José Marcial López, the respondent registrar, appeared *pro se.*

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

By a public deed executed on July 6, 1914, before Notary Eduardo Marín Marién in the municipality of Utuado, Leopoldo B. Strube, as special attorney in fact of the spouses Edward Maurer and Ellena Agatha Way Maurer, sold to José Colón Serrano a rural property containing 28 *cuerdas* of land, as described in the deed, situated in the ward of Tetuán of the municipal district of Utuado. Upon the presentation of the said deed in the Registry of Property of Arecibo,

together with the powers of attorney executed by the said spouses in favor of Strube, it was admitted to record as set forth in the following decision:

"This instrument is recorded on page 220 of volume 74 of Utuado, property No. 2636, record 7, with the curable defect that it does not state the age, profession and residence of the grantor spouses, Edward Maurer and Ellena Agatha Way Maurer."

José Colón Serrano appealed from the above decision and the only question of law submitted to our consideration is whether the curable defect pointed out by the registrar exists.

The power of attorney executed by Edward Maurer states that he is forty-eight years of age, a native of the Republic of Switzerland, married, resident of the town of Dunellen, State of New Jersey, merchant, and the notary public attests that he knows him personally. In the power of attorney executed by Ellena Agatha Way Maurer she states that she is of age, married and a resident of the same place as her husband, and the recorder of deeds before whom the power was executed attests that he knows her personally.

The said powers of attorney are not embodied in the deed of sale under consideration but reference is made thereto, and it is stated that the attorney in fact, Leopoldo B. Strube, is single, of age, agriculturist and a resident of Arecibo.

The defect pointed out by the Registrar of Property of Arecibo as curable does not exist.

Article 18 of the Mortgage Law provides that registrars shall determine, under their responsibility, the legality of the instruments under which record is requested, and the capacity of the parties thereto, upon the facts that appear from the said instruments themselves, therefore it was the duty of the registrar to determine the facts, not only from the deed of sale but also from the powers of attorney accompanying the same. In order to pass upon the deed he necessarily had to pass upon the powers of attorney, and he deemed them

sufficient as is shown by the fact that he pointed out in them no defect whatever, either curable or incurable.

The personal capacities of the grantors represented by Strube do not appear in the deed of sale, but as they are shown in the powers of attorney accompanying the same it was not necessary to repeat them in the deed, for the said powers were an integral part of the instrument to be recorded.

But the fact is that the parties to the deed of sale are Leopoldo B. Strube, as attorney in fact of the vendors, and vendee José Colón Serrano, and the notary public complied with the provisions of section 16 of the Act regulating the practice of the notarial profession in Porto Rico, approved March 8, 1906, and even with article 2 of the General Instructions regulating the manner of preparing public documents subject to record, of July 16, 1879, by attesting the age, status, profession and residence of the said parties, for the same personal status of the grantors had already been stated in the powers of attorney and a repetition thereof was therefore unnecessary.

For the foregoing reasons the decision appealed from should be reversed as to the curable defect pointed out therein.

*Reversed.*

Justices Wolf, del Toro, Aldrey and Hutchison concurred.